# United States District Court
# Central District of California

| | |
|---|---|
| PAUL PHAT TRAN et al., <br><br> Plaintiffs, <br><br> v. <br><br> BAYVIEW LOAN SERVICING, LLC et al., <br><br> Defendants. | Case № 5:19-cv-00242-ODW (SHKx) <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [40], [51]** |

## I. INTRODUCTION

Plaintiffs Paul Phat Tran ("Mr. Tran") and Tina Tran ("Ms. Tran") (collectively "Plaintiffs") bring this action against Defendants Bayview Loan Servicing, LLC ("Bayview"), JPMorgan Chase Bank, N.A. ("Chase"), and Trustee Corp. for various claims based on an alleged attempt of an unlawful non-judicial foreclosure of Plaintiffs' real property located at 21274 Nisqually Road, Apple Valley, California 92308 (the "Property"). (Second Am. Compl. ("SAC") ¶¶ 2, 10, ECF No. 33.) Bayview and Chase, separately, move to dismiss Plaintiffs' Second Amended Complaint. (*See* Chase's Mot. to Dismiss ("Chase Mot."), ECF No. 40; Bayview's

Mot. to Dismiss ("Bayview Mot."), ECF No. 51.) For the reasons that follow, the Court **GRANTS** Chase's and Bayview's Motions to Dismiss.[1]

## II. FACTUAL BACKGROUND

Around November 19, 2010, Ms. Tran obtained a loan from Home Funding Corp. secured by a deed of trust that encumbered the Property.[2] (Req. for Judicial Notice Ex. 1, ECF No. 53.) Around March 31, 2017, Ms. Tran transferred the Property to Mr. Tran for no consideration. (SAC ¶ 8.)

Bayview is the current loan servicer, while Chase was the previous loan servicer. (SAC ¶¶ 3–4.) Plaintiffs allege that, on August 21, 2018, Defendant Trustee Corp. recorded a notice of default based on Ms. Tran's failure to make her loan payments. (SAC ¶ 9; Req. for Judicial Notice Ex. 5.)

As to Chase, Plaintiffs allege that Mr. Tran sent his payments to the lender using his Chase checking account by way of direct withdrawal and that "Chase wrongfully stopped sending his direct payments to the lender." (SAC ¶¶ 21–22.)

As to Bayview, Plaintiffs allege that Bayview charged Plaintiffs for homeowner's insurance and unpaid property taxes despite Plaintiffs having homeowner's insurance and having paid their property taxes. (SAC ¶¶ 10–16.) Purportedly, Bayview continued to "claim money for payments already received." (SAC ¶ 12.)

Plaintiffs identify five causes of action against all defendants: (1) breach of contract; (2) negligent infliction of emotional distress; (3) breach of the covenant of

---

[1] After carefully considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] Bayview requested judicial notice of certain public documents recorded with the San Bernardino County Recorder's Office. (*See* Req. for Judicial Notice, ECF No. 53.) Plaintiffs do not oppose or object. As such, the Court grants Bayview's Request and takes judicial notice of the items requested. *See, e.g., Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting cases granting judicial notice of documents recorded by the County Recorder's Office). Although a court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion, it may consider documents incorporated by reference in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). The Court does that here.

good faith and fair dealing; (4) violation of California Business and Professions Code sections 17200 and 17500; and (5) declaratory relief. (SAC ¶¶ 17–57.)

On December 10, 2019, Ms. Tran filed a notice of voluntary dismissal of all her claims without prejudice, which the Court granted. (ECF Nos. 48, 50.) Accordingly, the Court addresses the present motions as to Mr. Tran's claims.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Pro se pleadings are to be construed liberally, but a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A court may not "supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

1992). A liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### IV. DISCUSSION

As a preliminary matter, the Court notes that Plaintiffs filed the same oppositions to both Bayview and Chase's motions, with the exception of two additional sections in opposition to Chase's Motion addressing the breach of contract and negligent infliction of emotional distress. (*Compare* Opp'n to Chase Mot., ECF No. 43, *with* Opp'n to Bayview Mot., ECF No. 57.)

**A. Standing**

Bayview moves to dismiss Mr. Tran as a plaintiff in this case because he is not the real party in interest. Mr. Tran does not oppose this position. Only a borrower or her assignee may bring a claim based on the underlying mortgage. *See Pena v. Ocwen Loan Servicing, LLC*, No. CV 17-2437 FMO (GJSx), 2018 WL 5857983, at *4 (C.D. Cal. Apr. 23, 2018) (finding that the plaintiff lacked standing to bring claims regarding the loan handling and property foreclosure because he was neither the borrower nor the owner of the property); *Shetty v. ARLP Securitization Tr. Series 2014-2*, No. CV-16-05467-BRO (GJSx), 2016 WL 10999324, at *6 (C.D. Cal. Oct. 28, 2016) (dismissing claims because the plaintiff was not the borrower or assignee).

Although the SAC states that Mr. Tran is the current owner of the Property (SAC ¶ 8), Plaintiffs failed to sufficiently allege that Mr. Tran is the proper party to bring claims for breach of contract; negligent infliction of emotional distress; breach of covenant of good faith and fair dealing; violation of California Business and Professions Code sections 17200 and 17500; and declaratory relief. *See Green v. Central Mortg. Co.*, No. 14-cv-04281-LC, 2015 WL 5157479, at *4 (N.D. Cal. Sept. 2, 2015) ("Courts thus have dismissed foreclosure-based claims—like [Plaintiff's] negligent misrepresentation, fraud, wrongful foreclosure, UCL, cancellation of deed, and declaratory relief claims—by persons who were not parties to mortgage loans."). Mr. Tran is not a party to the loan, and Plaintiffs have not alleged that Mr. Tran assumed the obligations of the loan via the transfer of property. Thus, Mr. Tran lacks standing and his claims are dismissed.

**B.     Failure to State a Claim**

Chase and Bayview also move to dismiss the Second Amended Complaint ("SAC") based on Plaintiffs' failure to sufficiently allege each claim. (*See generally* Chase Mot.; *see generally* Bayview Mot.) After reviewing the SAC, the Court finds that Mr. Tran failed to cure any of the deficiencies raised in the Court's previous Order regarding the sufficiency of the allegations.

Again, the SAC does not identify the contract that Defendants allegedly breached, as required for a breach of contract and breach of covenant claims. Though Mr. Tran asserts that Chase violated the terms of the promissory note, he was not a party to that agreement. (Opp'n to Chase Mot. 5.) Thus, Mr. Tran fails to state a claim for breach of contract or breach of covenant. *See Otworth v. S. Pac. Trans. Co.*, 166 Cal. App. 3d 452, 459 (1985) (dismissing claim for breach of contract for plaintiff's failure to identify the contract or the alleged contract's terms); *see also Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 21 Cal. App. 4th 1586, 1599 (1994) ("Without a contractual underpinning, there is no independent claim for breach of the implied covenant.").

Next, Mr. Tran does not refute Chase's and Bayview's argument that they do not owe Plaintiffs a duty of care, as required for negligent infliction of emotional distress. (Chase Mot. 6–7; Bayview Mot. 6–7); *see also Aguinaldo v. Ocwen Loan Servicing*, No. 5:12-cv-01393-EJD, 2012 WL 3835080, at *8 (N.D. Cal. Sept. 4, 2012) (finding that the defendant owed no duty to the plaintiff "against emotional distress when acting in the regular course of business as their loan servicer"). He summarily asserts that Chase and Bayview owe him a duty without expounding on what gives rise to the duty. (Opp'n to Chase Mot. 5.)

Finally, Mr. Tran asserts that he "alleged and prove[d] multiple violations of the [Homeowner's Bill of Rights]." (Opp'n to Chase Mot. 8.) However, the SAC makes no mention of the Homeowner's Bill of Rights and the one-sentence argument in his opposition fails to provide legal authority or any basis for the violation. (Reply in Supp. of Chase Mot., ECF No. 45; *see* Opp'n to Chase Mot. 8.)

Plaintiffs' failure to provide a single citation to their SAC illustrates its deficient nature. Plaintiffs failed to sufficiently plead any of their claims, again. The Court dismissed Plaintiffs' first amended complaint with leave to amend; however, Plaintiffs failed to cure any of the defects the Court identified in its prior Order and for the most part realleged identical allegations. Thus, the Court does not believe that the complaint can be saved by any amendment

Accordingly, Mr. Tran's claims are **dismissed without leave to amend**.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Chase's Motion to Dismiss (ECF No. 40) and Bayview's Motion to Dismiss (ECF No. 51). The Court will enter Judgment.

**IT IS SO ORDERED.**

March 2, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**